FILED
2022 MAY 24 AM 11:55
CLERK
U.S. DISTRICT COURT

Jehan Semper
1916 Pike Pl Ste 12 #1372
Seattle, WA 98101
jehan.semper@gmail.com
929.266.5764

Received
2022 MAY 23 AM 10:43
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| Jehan Semper<br>Plaintiff, Pro Se<br><br>v.<br><br>Janet L Yellen,<br>Secretary of the Treasury;<br>Office of Civil Rights<br>and Diversity;<br>Internal Revenue Service;<br>Scott Wallace;<br>JayLynn McQuiddy;<br>Cynthia J Crowell;<br>Alana P Mitchell;<br>Melissa D Evans;<br>Zachariah A Pinkston;<br>Weber County Sheriff's Deputy<br>John Doe I;<br>Officer P. Thomas,<br>Officer John Doe I;<br>Officer John Doe II;<br>Officer Jordan Nielsen;<br>Officer Bushell;<br>Officer Hill;<br>Officer Burnem;<br>Multiple John/Jane Doe(s),<br>Defendants | **COMPLAINT**<br><br>DECLARATORY and<br>INJUNCTIVE RELIEF<br><br><br><br><br>CASE   Case: 1:22−cv−00070<br>Assigned To : Stewart, Ted<br>Assign. Date : 5/23/2022<br>Description: Semper v Yellen et al<br><br><br><br><br><br><br><br><br><br>JUDGE |

_____

# COMPLAINT

**SUMMARY**     **3**

    Plaintiff brings this action for DECLARATORY and INJUNCTIVE RELIEF for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. to have the Court ORDER relief to Plaintiff in these matters.     3

**DETAIL**     **3**

    PLAINTIFF(S)     3

    DEFENDANT(S)     4

    EMPLOYER     6

    BASIS FOR JURISDICTION     6

    STATEMENT OF CLAIM     7

        IRS210461F ACCEPTED CLAIMS     8

        PLAINTIFF'S ALLEGATIONS WITHIN IRS210461F ACCEPTED CLAIMS     9

    STATEMENT OF EVENTS     14

    CRIMINAL EVENTS     14

        THREE PIVOTAL COMMUNICATIONS CORRELATE DIRECTLY TO POLICE HARASSMENT     14

        IRS TIGTA OFFICERS DID NOT FULFILL THEIR DUTY     15

        HATE CRIMES, COLLUSION AND CONSPIRACY TO MURDER     15

    FEDERAL ADMINISTRATIVE ALTERNATIVES EXERCISED IN FULL     15

        IRS210461F CHRONOLOGY     16

**EXHIBITS**     **16**

**PRAYER FOR RELIEF**     **17**

**SUMMARY**

Plaintiff brings this action for DECLARATORY and INJUNCTIVE RELIEF for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. to have the Court ORDER relief to Plaintiff in these matters.

(i) **ORDER that Employer COMPLY** with the IRS210461F March 14, 2022 Final Agency Decision and ORDER immediately with no delay; and

(ii) **Adjudicate IRS210461F claims** that Plaintiff believes ought have been decided in her favor; and

(iii) **ORDER that Employer permanently and unequivocally turn away from causing malicious harm to Plaintiff** immediately with no delay.

**DETAIL**

**A.    PLAINTIFF(S)**

Jehan Semper

Plaintiff, Pro Se

**B.   DEFENDANT(S)**

Janet L Yellen, Secretary of the Treasury

1500 Pennsylvania Ave NW

Washington, DC 20220

**Internal Revenue Service Employees**

1160 W 1200 S St Ogden, UT 84201

Conspirator and/or Accessory

Scott Wallace

JayLynn McQuiddy

Cynthia J Crowell

Alana P Mitchell

Melissa D Evans

Zachariah A Pinkston

**Internal Revenue Service Sworn Officers**

1160 W 1200 S St Ogden, UT 84201

Conspirator and/or Accessory

Matthew G Howell, TIGTA

*Jehan Semper, Pro Se v Janet L Yellen, Secretary of Treasury, et al.*
*COMPLAINT*

Andrew V Austin, TIGTA

Eric C Reed, TIGTA

Jonathan L Pruett, TIGTA

James Jewett, IRS Security Officer

Nathaniel Eye, IRS Security Officer

**Weber County Sheriff**

1400 Depot Dr Ogden, UT 84404

April 24, 2021 Conspirator and/or Accessory

Sheriff's Deputy, "John Doe"

May 27, 2021 Conspirator

Multiple Sheriff's Deputy, "John/Jane Doe(s)"

**Ogden Police**

2186 Lincoln Ave Ogden, UT 84401

May 26, 2021 Conspirator and/or Accessory

Officer P. Thomas

May 26, 2021 Conspirator and/or Accessory

Officer "John Doe I"

*Jehan Semper, Pro Se v Janet L Yellen, Secretary of Treasury, et al.*
*COMPLAINT*

May 26, 2021 Conspirator and/or Accessory

Officer "John Doe II"

May 27, 2021 Conspirator

Officer Jordan Nielsen

Officer Bushell

Officer Hill

Officer Burnem

Multiple Officers "John/Jane Doe(s)"

### C. EMPLOYER

Internal Revenue Service "IRS"

1160 W 1200 S St

Ogden, UT 84201

### D. BASIS FOR JURISDICTION

The events giving rise to IRS210461F and this Complaint occurred in **Ogden, Utah**. This action is brought for **discrimination** in **employment**.

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et

    seq.; and

- Other applicable violations of the Civil Rights Act of 1964 as described within the Complaint and Plaintiff's Affidavit(s); and

- Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq.

**E.  STATEMENT OF CLAIM**

These violations of Title VII of the Civil Rights Act, other applicable violations of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act occurred from **March 29, 2021 to June 30, 2021** and are occurring from **March 14, 2022 to this day.**

Defendant(s) discriminated against Plaintiff based on her:

- religion; and
- age (1974).

Upon information and belief, discrimination and retaliation acts of Defendant(s) are occurring as of this day.

- Employer has yet to COMPLY with the March 14, 2022 IRS210461F Final Agency Decision and ORDER; and

- Office of Civil Right and Diversity has yet to COMPEL IRS to COMPLY and fulfill the March 14, 2022 IRS210461F Final Agency Decision and ORDER.

**IRS210461F ACCEPTED CLAIMS**

1. "Between March 29, 2021, through June 30, 2021, management refused to accommodate her observance of the Sabbath and directed her to work an unreasonable amount of overtime, which hindered her religious observance;"
2. "On May 17, 2021, she received a counseling memorandum regarding excessive time allocation;"
3. "On June 30, 2021, she was terminated during her probationary period;"
4. "On several dates between March 29, 2021, through June 30, 2021, she was subjected to various acts of harassment, including but not limited to:"
   a. "Her manager described her religious practices as "ridiculous";"
   b. "Her manager deliberately provided her with inaccurate training and instructions related to reporting time and attendance;"

   c. "On [April] 24 [,2021], and May 26, 2021 [and May 27, 2021], respectively, while walking home from work, she was harassed by the Weber Sheriff's Office and Ogden Police, which she alleged was initiated by IRS employees;"
   d. "She was disproportionately scrutinized regarding daily activities, time reporting, and operator statistics; and"
   e. "Her manager tried to coerce her into a schedule change rather than accommodate her religious observances."

**PLAINTIFF'S ALLEGATIONS WITHIN IRS210461F ACCEPTED CLAIMS**

Defendant(s) violated and are violating Plaintiff's civil rights as of this day. Plaintiff alleges:

1. retaliatory termination; and
2. unequal terms and conditions of employment; and
3. retaliation; and
4. harassment; and
5. coercion; and
6. malicious citation; and
7. malicious arrest; and
8. malicious prosecution; and
9. violent hate crimes; and

*Jehan Semper, Pro Se v Janet L Yellen, Secretary of Treasury, et al. COMPLAINT*

10. conspiracy to murder; and

11. Office of Civil Rights and Diversity's failure to enforce the March 14, 2022 Final Decision and ORDER; and

12. other discriminatory and retaliatory acts as described.

Plaintiff affirms that her allegations manifested as these events:

1. being denied a work schedule which honours her Jewish Sabbath observance although she asked repeatedly within (a) her written communications April 1, 2021, April 14, 2021 and June 23, 2021; and (b) multiple verbal conversations on the matter; and

2. being denied a schedule within public transportation hours although other employees received work schedules of their choosing when invited to "ask" on/or about April 1, 2021; and

3. being subjected to unreasonable overtime although Plaintiff repeatedly communicated, verbally and in writing, that the 2 hour walking from work to home in addition to the unreasonable overtime was hindering her religious observances and affecting her health; and

4. being subjected to the persistent coercion to accept a shift reassignment instead of receiving a schedule that honours her Jewish Sabbath observance; and

5. being subjected to the persistent coercion to relinquish the job by communicating that she was "unavailable" when no such thing was true; and

6. being subjected to the persistent deception and hostility directed at Plaintiff's Jewish Sabbath observance including a month of "pacification" that Plaintiff's religious schedule would be made active when no such thing was true; and

7. harassing and threatening hostility, inappropriate viewing of her personally identifiable information, inappropriate information sharing and "rumours"; and

8. deliberately inaccurate training instructions; and

9. deliberately inaccurate time reporting instructions; and

10. false accusations on practically a daily basis; and

11. unjust chastisement on practically a daily basis including, but not limited to (a) repeated "verbals" from manager, the May 17, 2021 unjust and illusory "Employee Counselling Record"; and

12. threats of retaliation and retaliation including "written counselling", "termination" and coercive suggestions that she voluntarily "furlough" with no pay or unemployment compensation because Plaintiff received approval to utilize 8 hours of earned compensatory time for Jewish Sabbath observance; and

13. harassment and malicious citation from Ogden Police in the midst of an unnecessary interaction colluded and conspired to result in Plaintiff being fatally shot by Ogden Police at the behest of IRS Ogden employees; and

14. being denied reasonable good faith acts to prevent violence against Plaintiff when Plaintiff plainly asked TIGTA for such assistance; and

15. being attacked from behind by Ogden Police Nielsen and having her back injured in the midst of a malicious arrest colluded and conspired to result in Plaintiff being fatally shot by Ogden Police at the behest of IRS Ogden employees; and

16. being unnecessarily groped and fondled by multiple Ogden Police officers in the midst of the malicious arrest at the behest of IRS Ogden employees; and

17. being undressed of her modest religious clothing in front of male officers and detainees at the behest of IRS Ogden employees; and

18. being separated from her religious head coverings in front of male officers and detainees at the behest of IRS Ogden employees; and

19. being placed face down in a small, cold room with a swastika

    carved into the window with no food, water or bathroom for 6 hours where she shivered so much that she could not sleep at the behest of IRS Ogden employees; and

20. retaliatory termination of employment; and

21. employers' unwillingness to COMPLY with IRS210461F Final Agency Decision and ORDER to calculate and pay "back pay, interest and other benefits" to her; and

22. employers' unwillingness to COMPLY with IRS210461F Final Agency Decision and ORDER to reinstate her to GS-0356-04 or a job that is constructively and comparably the same; and

23. employers' unwillingness to COMPLY with IRS210461F Final Agency Decision and ORDER to expunge the termination letter and negative records which maliciously hinders her applications to additional opportunities; and

24. employers' unwillingness to LOGICALLY COMPLY with IRS210461F Final Agency Decision and ORDER to provide confirming documents for completion of probationary period which maliciously hinders her applications to additional opportunities; and

25. Office of Civil Rights and Diversity's unwillingness, bias and/or sloth to enforce the IRS210461F Final Agency Decision and ORDER in good faith.

### F.   STATEMENT OF EVENTS

*See Plaintiff's Affidavit in Support of Complaint, "Statement of Events" and "Chronology of Events".*

**CRIMINAL EVENTS**

**THREE PIVOTAL COMMUNICATIONS CORRELATE DIRECTLY TO POLICE HARASSMENT**

Plaintiff created three pivotal communications reporting events that could result in discipline to IRS Ogden employees April 23, 2021, May 25, 2021 and May 26, 2021.

And, just hours after Plaintiff communicated these messages, as she completed the 2 hour walking commute from work to home after 12:30am complete time, Plaintiff experienced three malicious, harassing, threatening experiences with Ogden law enforcement **April 24, 2021, May 26, 2021 and May 27, 2021** within obvious correlation and pattern.

1. **April 23, 2021** Inappropriate Viewing of Personal Information and **April 24, 2021 Weber County Sheriff's Deputy Harassment** (Exh 1, April 23, 2021, Inappropriate Viewing of PII, pg(s) 136 to 137, 148 to 151) (Exh 4, May 26, 2021 and May 27, 2021 Harassment, Violence, Malicious Arrest, pg(s) 342, 342M, 342N).

2. **May 25, 2021** <u>Discrimination, Harassment, Potential for Violence Communication</u> and **May 26, 2021 Ogden Police Malicious Citation** (Exh 3, May 25, 2021, EEOC Communication, pg(s) 6 to 24) (Exh 4, May 26, 2021 and May 27, 2021 Harassment, Violence, Malicious Arrest, pg(s) 342, 342M, 342N).

3. **May 26, 2021** <u>Discrimination, Harassment, Potential for Violence</u> and **May 27, 2021 Ogden Police, Malicious Citation, Malicious Arrest and Physical Injury** (Exh 4, May 26, 2021 and May 27, 2021 Harassment, Violence, Malicious Arrest, pg(s) 342, 342M, 342N).

**IRS TIGTA OFFICERS DID NOT FULFILL THEIR DUTY**

*See Plaintiff's Affidavit in Support of Complaint, "IRS TIGTA OFFICERS DID NOT FULFILL THEIR DUTY".*

**HATE CRIMES, COLLUSION AND CONSPIRACY TO MURDER**

*See Plaintiff's Affidavit in Support of Complaint, "HATE CRIMES, COLLUSION AND CONSPIRACY TO MURDER".*

**FEDERAL ADMINISTRATIVE ALTERNATIVES EXERCISED IN FULL**

Plaintiff is within her right to file a federal action within 90 days of the March 14, 2022 Final Agency Decision and ORDER.

**IRS210461F CHRONOLOGY**

- July 4, 2021 Plaintiff filed EEO official complaint IRS210461F.
- July 19, 2021 Plaintiff's IRS210461F claims accepted for investigation.
- More than 180 days have occurred from July 4, 2021 to this day.
- March 14, 2022 Final Agency Decision and ORDER issued with Plaintiff prevailing on one or more claims (Exh 9, March 14, 2022, EEOC Final Agency Decision and ORDER, pg(s) 35, 36, 37).

Plaintiff prays the Court enforce the March 14, 2022 Final Agency Decision and ORDER and adjudicates IRS210461F claims that she believes ought have been decided in her favor.

**EXHIBITS**

(Exh 1, April 23, 2021, Inappropriate Viewing of PII, pg(s) 136 to 137, 148 to 151)

(Exh 2, May 18, 2021, Disagreement with "Employee Counselling Record", pg(s) 25 to 30)

(Exh 3, May 25, 2021, EEOC Communication, pg(s) 6 to 24)

(Exh 4, May 26, 2021 and May 27, 2021 Harassment, Violence, Malicious

Arrest, pg(s) 342, 342M, 342N)

(Exh 5, May 2021 TIGTA Communication, pg(s) 342, 342M, 342N)

(Exh 6, June 30, 2021, IRS Security Officers, Collusion and Violence pg(s) 94 to 96, 17, 69, 31, 32)

(Exh 7, Physical Security, pg(s) 383)

(Exh 8, TIGTA, pg(s) 376)

(Exh 9, March 14, 2022, IRS210461F Final Agency Decision and ORDER, pg(s) 35, 36, 37)

**PRAYER FOR RELIEF**

1. ORDER that Employer **pay Plaintiff $22,300,000 in compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment" immediately with no delay**; and
2. ORDER that IRS **pay Plaintiff $15,000 in compensatory damages for actual expenses;** and
3. ORDER that IRS **COMPLY with each provision of the March 14, 2022 Final Agency Decision and ORDER and provide SF-50 and all relevant bona fide confirming documents** of such immediately with no delay, including but not limited to:

*Jehan Semper, Pro Se v Janet L Yellen, Secretary of Treasury, et al. COMPLAINT*

17 of 20

  a. **calculation and payment of back pay, interest and other benefits**; and

  b. **expungement of termination letter and negative records** April 18, 2022; and

  c. **confirmation of probationary period completion** as of March 30, 2022; and

  d. **bona fide reinstatement offer to Plaintiff**, to the same job GS-0356-04 Data Transcriber or a job with work tasks that are constructively and comparably the same as ORDERED**, at a duty station OTHER THAN Ogden, Utah to protect Plaintiff** from any additional harm; and

  e. **pay additional compensatory damages to Plaintiff** to compensate the loss of the reinstatement; and

  f. provide Plaintiff with **the proper amount of time to consider the bona fide reinstatement offer**; and

  g. **place Plaintiff on paid administrative leave until an appropriate duty station is designated as the gaining office**, if Plaintiff chooses to accept the reinstatement offer; and

4. ORDER the **implementation of any and all mechanisms necessary to make certain Plaintiff receives all reasonable opportunity to**

   **receive the benefit of the conciliatory and restorative provisions of the March 14, 2022 Final Agency Decision and ORDER**; and

5. ORDER the **implementation of any and all mechanisms necessary to make certain the Ogden, Utah duty station and its employees never manage nor communicate any matter regarding Plaintiff ever again and Plaintiff is not subjected to any further harm**, immediately with no delay; and

6. ORDER that IRS **never utter any allegation whatsoever arising from March 29, 2021 to June 30, 2021** at IRS Ogden, Utah duty station for any reason and by any mechanism whatsoever and that IRS **pay a penalty and pay a calculated amount for any loss of opportunity arising from any malicious allegation**; and

7. ORDER that **Employer produce all Skype conversations and emails between Plaintiff, IRS employees and sworn IRS officers, including secured messages from and/or to Savon C Gibson, Melissa D Evans and TIGTA** immediately with no delay; and

8. SANCTION or otherwise **issue a punitive ORDER to deter IRS' CONTEMPT** of the March 14, 2022 ORDER and to **deter any additional acts of malice against Plaintiff**; and

9. ORDER **additional relief the Court deems just and proper**.

I, Jehan Semper, Plaintiff, Pro Se, affirm that this Complaint is made and filed in good faith; allegations and statements uttered upon information and belief; supported by bona fide evidence and/or evidence that is yet forthcoming.

I affirm, under penalty of perjury, that I have uttered the truth.

/s/ Jehan Semper
Plaintiff, Pro Se
May 19, 2022