IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SEMPER,<br><br>                Plaintiff,<br><br>v.<br><br>YELLEN, et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATION RE: ECF 63 & 70<br><br>AND<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE (ECF 111)<br><br>Case No. 1:22-cv-00070-TS-CMR<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

      This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). Before the court is *pro se* Plaintiff Jehan Semper's (Plaintiff or Ms. Semper) Motion for Summary Judgment (ECF 70) and Motion to Expedite Decision (ECF 111). Also before the court is Defendant Secretary of the Treasury Janet Yellen (Defendant or Secretary Yellen) Motion to Dismiss (ECF 63).[1] Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motions on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's Motion for Summary Judgment (ECF 70) be DENIED and Defendant's Motion to Dismiss (ECF 63) be GRANTED. The court also DENIES Plaintiff's Motion to Expedite (ECF 111).

---

[1] Defendants Weber County, Weber County Sheriff, Ryan Arbon, John/Jane Does sheriff's deputies (collectively, Weber County Defendants) have also filed a Motion for Judgment on the Pleadings (ECF 85) and a Motion to Dismiss (ECF 101). Plaintiff has filed various motions relating to counsel, service, and discovery, many of which pertain to Weber County Defendants and/or their motions. With the exception of addressing Plaintiff's Motion to Expedite (ECF 111), the court will address Weber County Defendants' motions and Plaintiff's remaining motions in separate order(s).

I.   BACKGROUND

On May 23, 2022, Plaintiff filed this employment discrimination action against 29 individuals affiliated with the Internal Revenue Service (IRS), the Treasury Inspector General for Tax Administration (TIGTA), or Weber County (ECF 4). After filing the initial Complaint (ECF 4), Plaintiff filed three successive amended complaints without leave of court (ECF 11–13). Most recently, Plaintiff filed the Third Amended Complaint (ECF 13) on June 8, 2022.[2] Plaintiff brings claims for retaliatory termination, unequal terms and conditions of employment, retaliation, harassment, coercion, malicious citation, malicious arrest, malicious prosecution, violent hate crimes, conspiracy to murder, failure to enforce order, and other discriminatory and retaliatory acts (ECF 13 at 8–9). Plaintiff asserts these claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2003 *et seq.*; civil rights statutes, 18 U.S.C. §§ 241 *et seq.*; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.* (ECF 13 at 5–6). Plaintiff requests declaratory and injunctive relief as well as monetary damages in the amount of $22,315,000 from each defendant (ECF 13 at 17–20).

On January 31, 2023, Secretary Yellen filed her Motion to Dismiss (ECF 63) to which Plaintiff filed a Response (ECF 64), and Secretary Yellen filed a Reply (ECF 75). On February 6, 2023, Plaintiff filed her Motion for Summary Judgment (ECF 70), referencing Exhibits B and 13 to a document entitled "Amended Plaintiff's Second Affidavit" (the Affidavit) (ECF 18).[3] Secretary Yellen requested an extension of time (ECF 76) to file a substantive response to Plaintiff's Motion, which Plaintiff opposed (ECF 77). Secretary Yellen thereafter filed a Reply

---

[2] The court previously determined that the Third Amended Complaint (ECF 13) is the operative complaint in this matter (ECF 27 at 2).

[3] Since the beginning of the case, Plaintiff has filed numerous other documents entitled "Affidavit" with exhibits attached. ECF 10, 14, 15, 16, 20, 21, 22, 23, 24, 26, 54, 55, 81, 108, 120.

(ECF 80) addressing the merits of Plaintiff's Motion. The court construed Secretary Yellen's Reply as an opposition to Plaintiff's Motion and denied the motion for extension as moot (ECF 83).[4] Plaintiff then filed a Reply (ECF 86) supporting her Motion.

On May 1, 2023, Plaintiff also filed a Motion to Expedite Decision asking this court to rule expeditiously on pending motions because the issues are "neither complicated nor in contention" and because Plaintiff is exempt from a Rule 16 scheduling conference (ECF 111). Defendant Secretary Yellen's response objects as to an expedited ruling on Plaintiff's Motion for Summary Judgment, indicating the motion is premature, and more time is needed to gather more facts and respond to the summary judgment motion (ECF 113).

## II.     DISCUSSION[5]

### A.     Plaintiff's Motion for Summary Judgment

Plaintiff appears to request summary judgment on her claim for injunctive relief, asking the court for an order enforcing the March 14, 2022 Final Agency Decision (FAD) of the IRS's Office of Civil Rights and Diversity's (OCRD) (ECF 70 at 2). Specifically, Plaintiff requests an order requiring the IRS to reinstate her employment as a data transcriber and pay her back pay from June 30, 2021 (*id.* at 3). Secretary Yellen opposes this request on the grounds that there are disputes of fact, and Plaintiff's Motion is premature because the parties have not yet conducted discovery (ECF 80 at 2–4).[6] Plaintiff responds that her Motion is not premature because "there can

---

[4] Weber County Defendants also filed an Opposition (ECF 84) to Plaintiff's Motion for Summary Judgment.

[5] Because Plaintiff is proceeding *pro se*, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[6] Weber County Defendants oppose Plaintiff's Motion on the ground that they "have no knowledge or connection to the IRS or the controversy surrounding the employment discrimination matters" (ECF 84 at 7).

be no contention whatsoever" as to matters adjudicated by the OCRD's FAD and "discovery for these matters is complete" (ECF 86 at 1).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). "For there to be a 'genuine' dispute of fact, there must be more than a mere scintilla of evidence; to avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Aubrey v. Koppes*, 975 F.3d 995, 1004 (10th Cir. 2020) (quoting *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020)). Even if a motion for summary judgment has not been opposed, "the court may not grant summary judgment . . . *unless* the moving party has met its initial burden of production and demonstrated its entitlement to judgment as a matter of law." *See Cooper v. Monetary Inc.*, 2:12cv506 DAK, 2014 WL 1350274, at *1 (D. Utah Mar. 28, 2014) (citing *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

Federal Rule of Civil Procedure 56 provides stringent requirements for supporting factual assertions:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Local Civil Rule 56-1 provides that a motion for summary judgment must "be supported by an Appendix of Evidence," contain "[a] concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law," and "cite with particularity the evidence in the Appendix that supports each factual assertion." DUCivR 56-1(b).

4

As an initial matter, the court finds that Plaintiff's Motion fails to fully comply with Rule 56 and Local Rule 56-1. First, Plaintiff did not file an appendix of evidence. Instead, Plaintiff's Motion includes an "Exhibit List" (ECF 70 at 14–16), which references Exhibits B and 13 to the Affidavit (ECF 18). The Affidavit contains a host of unsupported accusations and assertions of conspiracy combined with legal argument (ECF 18). Exhibit B is the OCRD's FAD (ECF 18-1) and Exhibit 13 consists of email communications between Plaintiff and IRS employees (ECF 18-2). The court also notes that Plaintiff has filed approximately fifteen similar "affidavits" with exhibits attached. Second, although Plaintiff's Motion includes a statement of undisputed facts, Plaintiff improperly states purported undisputed facts interspersed with conclusory legal argument (ECF 70 at 3-7). Due to Plaintiff's failure to comply with the procedural requirements set forth in Local Rule 56-1, the court declines to sift through Plaintiff's Motion, affidavits, and exhibits to discern whether there are disputes of material fact. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 n.6 (10th Cir. 2000) (declining to "search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury" (quoting *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992))).

In addition, the court agrees with Secretary Yellen that Plaintiff's Motion is premature given that this case is still in the initial pleading stage, and the parties have not yet had the opportunity to conduct discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment "after adequate time for discovery"); *see also Bryant v. O'Connor*, 848 F.2d 1064, 1068 (10th Cir. 1988) ("[D]iscovery is strongly favored before summary judgment is granted[.]"); *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) ("[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." (citation omitted)).

Accordingly, the undersigned hereby RECOMMENDS that the court DENY Plaintiff's Motion for Summary Judgment (ECF 70) without prejudice.

B.      **Defendant's Motion to Dismiss**

Secretary Yellen requests dismissal of the IRS and OCRD as well as certain IRS and TIGTA employees (the IRS/TIGTA Employees) as defendants in this case.[7] Secretary Yellen moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Secretary Yellen argues that the IRS, OCRD, and the IRS/TIGTA Employees should be dismissed because naming these defendants is improper under both Title VII and the ADEA. "The proper defendant in a federal employee's Title VII action is 'the head of the department, agency, or unit, as appropriate.'" *See Mobley v. Donahue*, 498 F. App'x 793, 799 n.4 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-16(c)) ("The proper defendant in a federal employee's Title VII action is 'the head of the department, agency or unit, as appropriate'); *see also Trentman v. Salazar*, No. 2:08-cv-00864-TC, 2010 WL 964426, at *2 (D. Utah March 15, 2010) (dismissing "the individually named defendants" because they "are not proper defendants under either Title VII or the ADEA"). The court agrees that because Plaintiff is asserting discrimination claims under Title VII and the ADEA as an IRS employee, the proper defendant in this action is Secretary Yellen, in her official capacity as the Secretary of the Treasury. The IRS, OCRD, and the IRS/TIGTA Employees are therefore not proper defendants in this action.

Moreover, to the extent Plaintiff is asserting claims under 18 U.S.C. §§ 241 *et seq.* against these defendants, these claims would also be subject to dismissal for failure to state a claim because

---

[7] Plaintiff identified the following defendants as employees of the IRS or TIGTA: Scott Wallace, Acting Field Director; JayLynn McQuiddy, Operations Manager; Cynthia J. Crowell, Department Manager; Alana P. Mitchell, Manager; Melissa D. Evans, Training Manager; Zachariah A. Pinkston, on the job instructor; Matthew G. Howell, TIGTA; Andrew V. Austin, TIGTA; Eric C. Reed, TIGTA; Jonathan L. Pruett, TIGTA; James Jewett, IRS Security Officer; and Nathanial Eye, IRS Security Officer (ECF 63 at 1) (collectively, the IRS/TIGTA Employees).

criminal statutes do not provide a private cause of action. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (affirming dismissal of claims under 18 U.S.C. §§ 241–42 because these statutes "do not provide for a private civil cause of action"). Accordingly, the undersigned hereby RECOMMENDS that the court GRANT Defendant's Motion to Dismiss (ECF 63) and DISMISS Plaintiff's claims against the IRS, OCRD, and the IRS/TIGTA Employees.

### C.   Plaintiff's Motion to Expedite Decision

Plaintiff asks the court to expedite its decision on nine of her pending motions in this matter, ECF 28, 62, 70, 82, 88, 90, 91, 96, 98, including her Motion for Summary Judgment addressed herein. 28 U.S.C. § 1657(a) addresses the priority of civil actions and states that "[n]otwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined." The section also states that "except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown." *Id.* Additionally, "'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Consistent with the standard above, the court has inherent authority to manage its docket, including the authority to strike filings. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) ("The power of district courts to manage their dockets is deeply ingrained in our jurisprudence.").

Although this action does not arise under any of the causes of action that require expedited treatment under 28 U.S.C. § 1657(a), the court recognizes that the Motion can be granted upon a

showing of good cause. While the court appreciates the parties desire to have this matter resolved, Plaintiff has failed to meet the above standard. The court disagrees that the matter is not in dispute or uncomplicated. The pending motions have responsive pleadings that demonstrate the parties are not in agreement concerning this matter (ECF 85, 91, 96, 98, 101 and 112). Moreover, as evidenced by Defendant's Motion, it is still not clear Plaintiff has a complaint with the proper parties named. Finally, while Local Rule 16-1 (a)(1)(A)(ii) exempts Plaintiff from a scheduling conference, that does not mean a scheduling order will not be entered or that her motions warrant expedited consideration. Plaintiff has a number of pending motions and as noted above, continually files affidavits where the court has to carefully review the requested relief against other pleadings. *See, e.g.*, ECF 120. Moreover, the relief Plaintiff requests is not always warranted as is evident by the recommendation herein but notwithstanding, the court needs to carefully process each request. The court therefore DENIES Plaintiff's Motion to Expedite Decision (ECF 111).

## ORDER

For the foregoing reasons, the court hereby ORDERS that Plaintiff's Motion to Expedite Decision (ECF 111) is DENIED.

## RECOMMENDATION

In addition, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Summary Judgment (ECF 70) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Dismiss (ECF 63) be GRANTED and Plaintiff's claims against the IRS, OCRD, and the IRS/TIGTA Employees be DISMISSED.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 8 August 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah