IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEHAN SEMPER,<br><br>                      Plaintiff,<br><br>v.<br><br>JANET YELLEN, SECRETARY OF THE TREASURY, et al.,<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SERVICE OF PROCESS<br><br><br>Case No. 1:22-CV-00070 TS-CMR<br><br>District Judge Ted Stewart |

      This matter comes before the Court on Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Enforce Service of Process. For the reasons discussed below, the Court will overrule Plaintiff's Objection.

      On May 23, 2022, Plaintiff filed her initial Complaint. This case was subsequently referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). Plaintiff filed a Third Amended Complaint on June 8, 2022. On January 13, 2023, Plaintiff filed a motion entitled "Amended Motion to Enforce Service of Process Order," which requested (1) enforcement of service order; (2) that the court order Defendants to "preserve all evidence relevant to this matter"; (3) appointment of an attorney; (4) that Defendants never again communicate with Plaintiff; and (5) any other relief the court deemed just and proper. The Magistrate Judge issued an order denying all requested relief and finding no other relief to be "just and proper." Plaintiff filed a timely objection.

I. STANDARD OF REVIEW

      Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the Court reviews a magistrate judge's orders on nondispositive matters under a clearly

1

erroneous or contrary to law standard. In reviewing a magistrate judge's nondispositive order, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[1] "The clearly erroneous standard . . . requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[2]

## II. DISCUSSION

Plaintiff objects to the Magistrate Judge's Order and asks the Court to order "(1) [the] US Marshal to communicate USM 285 for defendants; and (2) Weber County defendants to produce evidence demanded in Plaintiff's Rule 34 and 33; (3) Ogden and Weber Count defendants to cease any direct or indirect contact with Plaintiff other than what is necessary by way of their attorney representation; and (4) additional relief the court deems just and proper in Plaintiff's favor and in the interest of protecting her safety."[3]

The Court has considered the filings, the Magistrate Judge's Order, and Plaintiff's Objection. First, to the extent Plaintiff's requested relief to this Court extends beyond that requested of the Magistrate Judge, those arguments are deemed waived and are not properly before this Court.[4] Accordingly, the Court declines to grant the newly requested relief. Second,

---

[1] Fed. R. Civ. P. 72(a).

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 354, 395 (1948) (internal quotation marks omitted).

[3] Docket No. 127, at 2.

[4] *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019) ("Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

the Court finds that Plaintiff's Objection fails to show the Magistrate Judge's Order is clearly erroneous or contrary to law. Having done so, the Court will overrule Plaintiff's Objection to the Magistrate Judge's Order.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Objection (Docket No. 127) is OVERRULED.

DATED this 26th day of October, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge