IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SEMPER,<br><br>                       Plaintiff,<br><br>v.<br><br>YELLEN, et al.,<br><br>                       Defendants. | REPORT AND RECOMMENDATION GRANTING WEBER COUNTY DEFENDANTS' [85] MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING [101] MOTION TO DISMISS<br><br>AND<br><br>ORDER DENYING PLAINTIFF'S [88] MOTION TO STRIKE, [91] MOTION FOR SANCTIONS, AND [96, 112] MOTIONS TO COMPEL<br><br>Case No. 1:22-cv-00070-TS-CMR<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

      This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). Before the court is a Motion for Judgment on the Pleadings (MJOP) (ECF 85) and a Motion to Dismiss (ECF 101) filed by Defendants Weber County, Weber County Sheriff, Ryan Arbon, John/Jane Does sheriff's deputies (collectively, Weber County Defendants). Also before the court are the following motions filed by *pro se* Plaintiff Jehan Semper (Plaintiff): (1) Motion to Strike Weber County Defendants' MJOP (Motion to Strike) (ECF 88); (2) Motion to Sanction Weber County Defendants for ECF 84 and 85 (Motion for Sanctions) (ECF 91); (3) Motion to Compel Weber County Defendants' Rule 33 and 34 Responses (ECF 96); and (4) Motion to Compel Weber County Defendants to Produce Video and All Evidence Related to Plaintiff (ECF 112). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motions on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons

set forth below, the undersigned RECOMMENDS that Weber County Defendants' MJOP (ECF 85) be GRANTED and Motion to Dismiss (ECF 101) be DENIED as moot. The court also DENIES Plaintiff's Motion to Strike (ECF 88) and Motion for Sanctions (ECF 91) and DENIES as moot Plaintiff's Motions to Compel (ECF 96, 112).

## I.   BACKGROUND

On May 23, 2022, Plaintiff filed this employment discrimination action against 29 individuals including Weber County Defendants (ECF 4). Plaintiff filed the Third Amended Complaint (ECF 13) on June 8, 2022, asserting claims for retaliatory termination, unequal terms and conditions of employment, retaliation, harassment, coercion, malicious citation, malicious arrest, malicious prosecution, violent hate crimes, conspiracy to murder, failure to enforce order, and other discriminatory and retaliatory acts (ECF 13 at 8–9). Plaintiff mainly appears to bring these claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2003 *et seq.*; criminal statutes 18 U.S.C. §§ 241 *et seq.*; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.* (ECF 13 at 5–6). Plaintiff requests declaratory and injunctive relief as well as monetary damages of $22,315,000 from each defendant (ECF 13 at 17–20).

On March 6, 2023, Weber County Defendants filed their MJOP seeking dismissal of all claims against them on the grounds that Plaintiff failed to allege an employment relationship with them, they are not proper defendants because they are not the head of the agency or department, and the sheriff's office is a non-jural entity that cannot be sued (ECF 85). On the next day, Plaintiff filed an Opposition (ECF 87) and a Motion to Strike (ECF 88), which is a duplicate of the Opposition, asking the court to strike the MJOP as a "nuisance" filing. On March 7, 2023, Plaintiff also filed a Motion for Sanctions (ECF 91) again arguing the MJOP is "abusive" and "malicious." In response, Weber County Defendants filed an Opposition (ECF 94) to the Motion for Sanctions

and a Reply (ECF 95) in support of the MJOP. Plaintiff then filed a Reply (ECF 97) in support of the Motion for Sanctions. Plaintiff also filed two Motions to Compel (ECF 96, 112) directed at Weber County Defendants.[1]

On March 30, 2023, Weber County Defendants filed their Motion to Dismiss (ECF 101) again seeking dismissal of all claims against the Weber County Defendants and joining the arguments in Defendant Secretary Yellen's (Secretary Yellen) Motion to Dismiss Improper Defendants (ECF 63), specifically that Secretary Yellen is the proper defendant in this action as the Secretary of the Treasury. Plaintiff filed a Response (ECF 104), and Weber County Defendants filed a Reply (ECF 110). On August 8, 2023, the undersigned recommended dismissal of the named federal agencies and employees as improper defendants (ECF 122), which the court later adopted (ECF 124).

## II. DISCUSSION[2]

### A. Plaintiff's Motion to Strike and Motion for Sanctions

The court will first address Plaintiff's Motion to Strike (ECF 88) and Motion for Sanctions (ECF 91). Plaintiff's Motion to Strike (ECF 88) asks the court to strike Weber County Defendants' MJOP (ECF 85), arguing that this filing is "a nuisance, time wasting mechanism of harassment" (ECF 88 at 2). Plaintiff argues Weber County Defendants' MJOP "inexcusably fails to acknowledge that Plaintiff's amended complaint alleges that Weber County [D]efendants violated Plaintiff's rights" through "criminal violations of 18 U.S.C. §§ 241, 242, 245, 249 *et seq.*" (*id.* at

---

[1] Plaintiff filed another Motion to Compel (ECF 98) directed at Ogden City Defendants, which the court will address in separate order.

[2] Because Plaintiff is proceeding *pro se*, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

2). Plaintiff clarifies that she "does not allege Weber County [D]efendants are responsible for effecting compliance on [employment] matters and Weber County [D]efendants mentioning of those matters is an illusory, abusive waste of time" (*id.* at 2–3).

Plaintiff's Motion for Sanctions (ECF 91) also asks the court to strike the MJOP and to sanction Weber County Defendants in the amount of $50,000 in monetary damages "to deter them from filing frivolous motions that waste Plaintiff's and the court's time" (ECF 91 at 1–2).[3] In the Motion for Sanctions (ECF 91), Plaintiff reaffirms that her allegations against Weber County Defendants are for criminal violations and seeks sanctions against them for asserting arguments related to her employment-based claims (ECF 91 at 1–2).

Although Plaintiff faults Weber County Defendants for seeking dismissal of her employment discrimination claims because she only intended to assert claims for criminal violations against them, this is not clear from the Third Amended Complaint (ECF 13). Moreover, as further discussed below, Plaintiff's claims for criminal violations against Weber County Defendants are subject to dismissal. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002). The court therefore disagrees that Weber County Defendants' MJOP seeking dismissal of Plaintiff's claims is lacking in merit or otherwise filed for an improper purpose. Accordingly, the court hereby DENIES Plaintiff's Motion to Strike (ECF 88) and Motion for Sanctions (ECF 91).

B.  **Weber County Defendants' Motions**

Weber County Defendants' Motion for Judgment on the Pleadings (ECF 85) requests dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure Rule 12(c). *See* Fed. R.

---

[3] Plaintiff's Motion for Sanctions also asks the court to strike Weber County Defendants' Opposition (ECF 84) to Plaintiff's Motion for Summary Judgment (ECF 70). Plaintiff requested the same relief in a separate Motion to Strike (ECF 90), which the court has since denied (ECF 145). The court therefore denies Plaintiff's request to strike ECF 84 as moot and focuses its analysis herein on Plaintiff's request to strike the MJOP (ECF 85).

Civ. P. 12(c). Weber County Defendants' Motion to Dismiss (ECF 101) seeks the same relief pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Mock v. T.G. & Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). Under Rule 12(b)(6), a complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

It is not clear why the Weber County Defendants filed a successive Motion to Dismiss under Rule 12(b)(6) for failure to state a claim as procedurally, the MJOP under Rule 12(c) was appropriate. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Fed. R. Civ. P. 12(h)(2)(B) (explaining a successive motion for failure to state a claim, among others, can be made "by motion under Rule 12(c)"); *see also Lane v. Buckley*, No. 15-CV-155-F, 2016 WL 7666156, at *3 (D. Wyo. July 19, 2016) ("While a Rule 12(b)(6) motion should be brought prior to the filing of an answer, Rule 12(c) motions for judgment on the pleadings are allowed at any time early enough not to delay trial. Fed. R. Civ. P. 12(c). Therefore, the Court will treat … [the 12(b)(6)] motion as a 12(c) motion for judgment on the pleadings."). Weber County Defendants also did not address the reason for or permissibility of the Motion to Dismiss. Regardless, because the MJOP

5

and Motion to Dismiss request the same relief, the court RECOMMENDS the Motion to Dismiss (ECF 101) be DENIED as moot.

Turning to the MJOP, Weber County Defendants request dismissal of all of Plaintiff's claims against them on the basis that they are improperly named as defendants in this federal employment discrimination action. "The proper defendant in a federal employee's Title VII action is 'the head of the department, agency, or unit, as appropriate.'" *See Mobley v. Donahue*, 498 F. App'x 793, 799 n.4 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-16(c)) ("The proper defendant in a federal employee's Title VII action is 'the head of the department, agency or unit, as appropriate'); *see also Trentman v. Salazar*, No. 2:08-cv-00864-TC, 2010 WL 964426, at *2 (D. Utah March 15, 2010) (dismissing "the individually named defendants" because they "are not proper defendants under either Title VII or the ADEA"). The court agrees that because Plaintiff is asserting discrimination claims under Title VII and the ADEA as an IRS employee, the proper defendant in this action is Secretary Yellen, in her official capacity as the Secretary of the Treasury. Weber County Defendants are therefore not proper defendants in this action.[4]

Plaintiff opposes dismissal on the grounds that she did not intend to assert employment discrimination claims against Weber County Defendants, but rather is asserting claims against them for criminal violations under 18 U.S.C. §§ 241 *et seq.* However, these claims would also be subject to dismissal for failure to state a claim because criminal statutes do not provide a private cause of action. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (affirming dismissal of claims under 18 U.S.C. §§ 241–42 because these statutes "do not provide for a private civil cause of action"). Accordingly, the undersigned hereby RECOMMENDS that the court GRANT Weber County Defendants' Motion for Judgment on the Pleadings (ECF 85)

---

[4] In light of this ruling, the court does not reach the additional grounds for dismissal set forth in the MJOP.

and DISMISS Plaintiff's claims against Weber County Defendants. The undersigned further RECOMMENDS that the court DENY Weber County Defendants' Motion to Dismiss (ECF 101) seeking the same relief as moot. In light of this recommendation dismissing Weber County Defendants from this action, the court also DENIES Plaintiff's Motions to Compel (ECF 96, 112) as moot.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Weber County Defendants' Motion for Judgment on the Pleadings (ECF 85) be GRANTED and Plaintiff's claims against Weber County Defendants, namely, Weber County, Weber County Sherriff's Office, Ryan Arbon, John/Jane Does sheriff's deputies, be DISMISSED.

IT IS FURTHER RECOMMENDED that Weber County Defendants' Motion to Dismiss (ECF 101) be DENIED as moot.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

## ORDER

In addition, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (ECF 88) and Motion for Sanctions (ECF 91) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motions to Compel (ECF 96, 112) are DENIED as moot.

DATED this 24 January 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah