IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEHAN SEMPER,<br><br>      Plaintiff,<br><br>v.<br><br>JANET YELLEN, SECRETARY OF THE TREASURY, et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION<br><br><br>Case No. 1:22-CV-00070 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on the Magistrate Judge's Report and Recommendation[1] on the Weber County Defendants' ("Defendants") Motion for Judgment on the Pleadings[2] and Motion to Dismiss for Failure to State a Claim.[3]

On May 23, 2022, Plaintiff filed the initial Complaint in this employment discrimination action against individuals affiliated with the Internal Revenue Service ("IRS"), the Treasury Inspector General ("TIGTA"), and Weber County.[4] Plaintiff filed three subsequent Amended Complaints, without leave of the court, the last of which was filed on June 8, 2022,[5] and supporting affidavits.

Plaintiff brings employment-related claims, including claims for retaliatory termination, unequal terms and conditions of employment, retaliation, harassment, coercion, malicious

---

[1] Docket No. 146.

[2] Docket No. 85. The Weber County Defendants consist of Weber County, Weber County Sheriff, Ryan Arbon, and John/Jane Does sheriff's deputies.

[3] Docket No. 101.

[4] Docket No. 4.

[5] Docket No. 13.

citation, malicious arrest, malicious prosecution, violent hate crimes, conspiracy to murder, failure to enforce order, and other discriminatory and retaliatory acts.[6] Plaintiff requests declaratory and injunctive relief and monetary damages from each defendant.[7] The case is still in the initial pleading stage, and no discovery has been conducted.

On March 6, 2023, Defendants filed a Motion for Judgment on the Pleadings seeking dismissal of all claims against them on the grounds that: Plaintiff failed to allege an employment relationship with them, they are not proper defendants because they are not the head of the agency or department, and the sheriff's office is a non-jural entity that cannot be sued.[8] Plaintiff responded on March 7, 2023.[9] Defendants replied on March 21, 2023.[10] Plaintiff filed a sur-reply on March 23, 2023.[11]

Defendants filed a Motion to Dismiss on March 30, 2023, seeking dismissal of all claims against Defendants and joining the arguments in Defendant Secretary Yellen's Motion to Dismiss Improper Defendants,[12] specifically arguing that Secretary Yellen is the proper defendant in this action as the Secretary of the Treasury.[13] Plaintiff responded on April 3, 2023.[14] Defendants filed a reply on April 17, 2023.[15]

---

[6] *Id.* at 9–10.

[7] *Id.* at 17–20.

[8] Docket No. 85.

[9] Docket No. 87.

[10] Docket No. 95.

[11] Docket No. 97.

[12] Docket No. 63. This Motion was granted by the Court on August 29, 2023. Docket No. 124.

[13] Docket No. 101.

[14] Docket No. 104.

[15] Docket No. 110.

On January 24, 2024, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion for Judgment on the Pleadings be granted, and Defendants' Motion to Dismiss be denied as moot. Plaintiff filed a timely Objection on January 26, 2024.[16]

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), a party has 14 days after service to object to a Report and Recommendation. Plaintiff timely filed an objection to the Magistrate Judge's Report and Recommendation. The Court then reviews the Report and Recommendation de novo.[17] "In order to conduct a de novo review a court 'should make an independent determination of the issues; [it] is not to give any special weight to the prior determination.'"[18] "The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[19]

Defendants' Motion for Judgment on the Pleadings requests dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(c). Defendants' Motion to Dismiss seeks dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Procedurally, the Motion for Judgment on the Pleadings is appropriate, and, as the Magistrate Judge notes, it is unclear why Defendants filed a subsequent Motion to Dismiss.[20]

---

[16] Docket No. 149.

[17] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

[18] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967)).

[19] *Id.* (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

[20] *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[21] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[22] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[23] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[24] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[25]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[26] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[27]

---

[21] *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[22] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[25] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[26] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[27] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

## II. DISCUSSION

Defendants' Motion for Judgment on the Pleadings argues dismissal of all Plaintiff's claims against them is required because they are improperly named defendants in an employment discrimination action.[28]

Plaintiff's Complaint alleges she was subjected to discrimination on the bases of age and religion under Title VII of the Civil Rights Act of 1964[29] and the Age Discrimination Employment Act of 1967 ("ADEA") while employed by the IRS.[30] "The proper defendant in a federal employee's Title VII action is 'the head of the department, agency, or unit, as appropriate.'"[31] Plaintiff is asserting discrimination claims under Title VII and the ADEA as an IRS employee. As such, the proper defendant is Secretary Yellen in her official capacity as the Secretary of the Treasury. Because Secretary Yellen is the proper defendant in this action and the Weber County Defendants are improper defendants, the Court need not address the other arguments in Defendants' Motion for Judgment on the Pleadings.

Plaintiff argues in her opposition that she is asserting claims against the Weber County Defendants for criminal violations under 18 U.S.C. §§ 241, 242, 245, 249 *et seq*. However, these claims would also be subject to dismissal for failure to state a claim because these criminal statutes do not provide a private cause of action.[32]

---

[28] Docket No. 85, at 3.

[29] 42 U.S.C. § 2000e *et seq.*

[30] Docket No. 85, at 2.

[31] *Mobley v. Donahue*, 498 F. App'x 793, 798 n.4 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-16(c)).

[32] *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (affirming dismissal of claims under 18 U.S.C. §§ 241–42 because these statutes "do not provide for a private civil cause of action").

The Magistrate Judge recommends that the motion for judgment on the pleadings be granted and Plaintiff's claims against Weber County Defendants be dismissed (1) because Secretary Yellen is the proper defendant, and (2) because criminal statutes do not provide a private cause of action. The Magistrate Judge further recommends that the motion to dismiss seeking the same relief be denied as moot.

Plaintiff's Objection largely reiterates the same arguments contained in her opposition regarding the criminal violations she alleges against Defendants. Plaintiff objects to the Magistrate Judge's Recommendation because it "unjustly and prematurely extricates Weber County defendants."[33] As noted above, criminal statutes do not provide for a private cause of action.[34]

The Court has considered the filings, the Report and Recommendation, and Plaintiff's Objection. Having done so, the Court will adopt the Magistrate Judge's Report and Recommendation in full and overrule Plaintiff's Objection.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Objection (Docket No. 149) is OVERRULED. It is further

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 146) is ADOPTED IN FULL. It is further

ORDERED that Weber County Defendants' Motion for Judgment on the Pleadings (Docket No. 85) is GRANTED and their Motion to Dismiss (Docket No. 101) is DENIED as moot.

---

[33] Docket No. 149, at 2.

[34] *Henry*, 49 F. App'x at 273.

6

DATED this 27th day of March, 2024.

BY THE COURT:

Ted Stewart
United States District Judge