IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEHAN SEMPER,<br><br>      Plaintiff,<br><br>v.<br><br>JANET L. YELLEN, Secretary of the United States Department of the Treasury, et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION<br><br><br>Case 1:22-cv-70<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

  This matter is before the Court on the Magistrate Judge's Report and Recommendation[1] regarding motions to dismiss filed by Defendant Secretary Janet L. Yellen;[2] and Ogden City, Ogden Police, Chief Eric Young, Officer P. Thomas, Officer Jordan Nielsen, Officer Bushell, Officer Hill, and Officer Burnem ("Ogden Defendants").[3] Three motions from Plaintiff Jehan Semper also remain unresolved: a Motion for Partial Summary Judgment,[4] a Motion for Summary Judgment,[5] and a Motion for Judgment on the Pleadings[6] ("Plaintiff's Motions"). For the reasons discussed below, the Court will adopt the Magistrate Judge's Report and Recommendation in full.

---

[1] Docket No. 204.
[2] Docket No. 177.
[3] Docket No. 178.
[4] Docket No. 176.
[5] Docket No. 181.
[6] Docket No. 191.

The Plaintiff filed her original Complaint on May 24, 2022.[7] The case was subsequently referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).[8] After filing multiple amended complaints, Plaintiff filed the Operative Complaint on April 1, 2024.[9] The Magistrate Judge issued a Report and Recommendation on December 6, 2024.[10] Plaintiff timely filed an objection to the Report and Recommendation on December 6, 2024.[11]

The Magistrate Judge recommends granting Secretary Yellen's Motion to Dismiss because Plaintiff did not exhaust her administrative remedies , resulting in a failure to state a claim. The Magistrate Judge also recommends granting the Ogden Defendants' Motion to Dismiss. Accordingly, she recommends that the Court deny Plaintiff's motions as moot.

The Court reviews a Report and Recommendation de novo.[12] "In order to conduct a de novo review a court 'should make an independent determination of the issues; it is not to give any special weight to the prior determination'"[13] "The district judge is free to follow a magistrate's recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[14]

The Court has carefully reviewed and considered the record and pleadings in this case, along with the Report and Recommendation. For the reasons explained by the Magistrate Judge,

---

[7] Docket No. 4.

[8] Docket No. 9.

[9] Docket No. 174.

[10] Docket No. 204

[11] Docket No. 205; see 28 U.S.C. § 636(b)(1)(C) (stating that party has 14 days after service to object to a Report and Recommendation).

[12] FED. R. CIV. P. 72(b)(3).

[13] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)).

[14] *Id.* (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

the Court agrees with the Magistrate Judge and will accordingly adopt the Report and Recommendation in full.

It is therefore

ORDERED that the Magistrate Judge's December 6, 2024, Report and Recommendation (Docket No. 204) is ADOPTED IN FULL.

DATED this 19th day of February, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge